IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLEASON & ASSOCIATES P.C., | ) |
| Plaintiff, | ) 2:21-CV-1173 |
| v. | ) |
| HORATIO WASHINGTON DEPOT TECHNOLOGIES LLC, HORATIO WASHINGTON VENTURES LLC, and ANJAN CHATTERJI | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Before the Court is a motion to withdraw appearance as counsel for Defendants Horatio Washington Ventures LLC and Anjan Chatterji by Bradley Russell and Brocton Skeen. ECF 45. After the initial case management conference in this case, counsel for Defendants filed a status report that they have been unable to communicate with their clients despite diligent efforts. ECF 41. This Court then issued an order informing Defendants that their failure to communicate with counsel could result in counsel withdrawing their appearances. ECF 42. That moment has come. Counsel advise once again that their clients have been incommunicado and altogether "missing in action." ECF 45. They also advise that they do not know the name and address of any succeeding attorney for Defendants. *Id.* at 2.

This Court's Local Rule 83.2.C.4 (Withdrawal of Attorney) provides: "In any civil proceeding, no attorney whose appearance has been entered shall withdraw his or her appearance except upon filing a written motion. The motion must specify the reasons requiring withdrawal and provide the name and address of the succeeding attorney. If the succeeding attorney is not known, the motion must set forth the name, address, and telephone number of the client and either bear the client's

signature approving withdrawal or state specifically why, after due diligence, the attorney was unable to obtain the client's signature." Defense counsel have complied with that requirement, to the extent they are able, so the Court addresses the merits of the motion.

"Whether to permit an attorney to withdraw is within the discretion of the court. Courts consider factors such as: (a) the reasons why withdrawal is sought; (b) the prejudice withdrawal may cause to other litigants; (c) the harm withdrawal might cause to the administration of justice; and (d) the degree to which withdrawal will delay the resolution of the case. Even if withdrawal is otherwise appropriate, other considerations must sometimes take precedence, such as maintaining fairness to litigants and preserving a court's resources and efficiency. Criteria such as the proximity to trial and the possibility for a client to obtain substitute counsel are also relevant considerations." *Miller v. Native Link Constr., LLC*, No. 15-1605, 2019 WL 1277172, at *1 (W.D. Pa. Jan. 29, 2019) (Conti, J.) (cleaned up).

The reason for counsel's request for withdrawal in this case is, essentially, Defendants' non-participation. This Court has previously advised that Defendants' failure to communicate with counsel and impede the prosecution of the case could result in counsel moving to withdraw. *E.g.*, ECF 40; ECF 42. This non-participation is preventing Plaintiff from taking discovery and moving the case forward, which is made pressing by the impending close of discovery in one month. Indeed, Plaintiff's counsel recently advised the Court's courtroom deputy that despite being noticed for a deposition to take place earlier this month, Defendant refused to appear. For that reason, Plaintiff has advised it does not oppose defense counsel's motion.

The Court finds that the motion to withdraw is appropriate and reasonable considering the circumstances present here. There is no prejudice to Plaintiff, as Plaintiff's counsel does not contest the motion. The Court does not discern any harm that withdrawal might cause to the administration of justice. And withdrawal will

not delay this case, as the Court does not intend to alter any deadlines. To the extent there is any prejudice, it is to Defendants, but that is due to their own failure to participate in the litigation—and they cannot benefit from it.

Accordingly, the Court **GRANTS** defense counsel's motion to withdraw. It is **FURTHER ORDERED** that Defendants shall retain additional counsel, who must file an appearance within one week of this order and attend the June 5, 2023, status conference. Defendants are further advised that the failure to do so, or the failure to participate in this litigation, may result in an entry of judgment against them. Present defense counsel shall serve a copy of this order on Defendants.

DATED this 26th day of May, 2023.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge